UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE:                              :          CASE NO. 18-42784-BEM
                                    :
ERIK GANDARA TORRES,                :          CHAPTER 13
                                    :
              DEBTOR.               :

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a MOTION TO APPROVE TRANSFER OF PROPERTY PURSUANT TO DIVORCE DECREE and related papers has been filed with the Court.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion in: Courtroom 342, United States Courthouse, 600 East First Street, Rome Georgia, at **10:00 am on March 13, 2019.**

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U. S. Bankruptcy Court, Room 339, 600 East First Street Rome, Georgia 30161-3187. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: February 5, 2019                    HURTT & JOHNSON, LLC
                                           Attorneys for Debtor


                                           _____/s/_____

PO Box 1304                                David W. Johnson
Dalton, GA 30722-1304                      GA Bar 940310
706.226.5425                               david@hurttlaw.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE:                          :          CASE NO. 18-42784-BEM
                                :
ERIK GANDARA TORRES,            :          CHAPTER 13
                                :
        DEBTOR.                 :

**MOTION TO APPROVE TRANSFER OF PROPERTY PURSUANT TO
DIVORCE DECREE**

NOW COMES the debtor Erik Gandara Torres ("Debtor") who files this

MOTION TO APPROVE TRANSFER OF PROPERTY PURSUANT TO DIVORCE

DECREE, and respectfully shows as follows:

1.      Jurisdiction and venue are proper under 28 U.S.C. §§ 157, 1334, and 1409.

2.      Debtor filed a chapter 13 bankruptcy petition on November 29, 2018.  Debtor has

proposed, but not yet confirmed a chapter 13 plan.

3.      Prior to Debtor's bankruptcy petition, Debtor and Millaray Garcia divorced

pursuant to a final judgment and decree of divorce ordered *nunc pro tunc* to March 2,

2017 (the "Divorce Decree").  The Divorce Decree provided in part that Ms. Garcia was

granted all right, title, and interest to real property located at 1174 Centennial Parkway,

Dalton, GA 30721 (the "Property") and that Debtor was to quitclaim his interest to Ms.

Garcia.

4.      Because Debtor had not executed a quitclaim deed by the petition date, Debtor

disclosed the Property on Debtor's asset schedules as having a nominal estimated value

of $72,000, but noting that Debtor only had bare legal title, the Property rightfully

belonged to Ms. Garcia, and therefore the value of Debtor's interest in the Property was $0.00.

5.      The Property is subject to a mortgage in favor of BB&T in the amount of $57,615.84.

6.      Counsel for Ms. Garcia has prepared a quitclaim deed for Debtor to quitclaim his interest in the Property to Ms. Garcia and Debtor respectfully requests authority to execute the deed.

7.      Transfer of the Property is in the best interests of the estate.  The bankruptcy estate does not have a viable interest in the Property pursuant to state law governing the Divorce Decree and 11 U.S.C. § 541(d), the Debtor should not be the record title holder of property he does not own in equity, and the Property is nevertheless subject to a mortgage.

        **WHEREFORE,** Debtor respectfully requests that the court grant this motion and authorize Debtor to quitclaim his interest in the Property to Millaray Garcia in accordance with the Divorce Decree.

Dated: February 5, 2019                              HURTT & JOHNSON, LLC
                                                     Attorneys for Debtor


                                                     _____/s/_____
PO Box 1304                                          David W. Johnson
Dalton, GA 30722-1304                                GA Bar 940310
706.226.5425                                         david@hurttlaw.com

IN THE SUPERIOR COURT OF WHITFIELD COUNTY
STATE OF GEORGIA

MILLARAY LIZETH GARCIA,
    Plaintiff

      v.              Action No: 16-CI-1461-W

ERIK GANDARA-TORRES
    Defendant

## FINAL JUDGMENT AND DECREE OF DIVORCE

This matter having come on before the Court this 22nd of February, 2017, for a final hearing on a Complaint for Divorce; the Defendant having failed to file responsive pleadings following proper service: upon presentation of evidence, and upon consideration of the same the Court Orders as follows:

Defendant has committed acts of adultery and physical and mental abuse against the Plaintiff.

THEREFORE, it is considered, ordered, and decreed by the court that the marriage contract heretofore entered between the parties to this case, from and after this date, be and is set aside and dissolved as fully and effectually as if no such contract had ever been made or entered.

Petitioner and Respondent in the future shall be held and considered as separate and distinct persons altogether unconnected by any nuptial union or civil contract whatsoever

and both shall have the right to remarry.

## CUSTODY

Legal and physical custody of the minor children of the parties, to wit: KAYRA MELISSA GANDARA, year of birth, 2001; RENATA MARIEL GANDARA, year of birth, 2006; ANALIA VICTORIA GANDARA, year of birth, 2013; and DORIAN LISANDRO GANDARA, year of birth, 2016 shall be granted to the **PLAINTIFF SOLELY.**

## PHYSICAL CUSTODY AND VISITATION

The Defendant shall exercise visitation as the parties may mutually agree.

## CHILD SUPPORT ORDER ADDENDUM

*Instructions: All parts of this Addendum must be completed and it must be attached to all final orders and judgments determining the amount of child support.*
*However, it is not required for orders on contempt motions.*

*[You must check one of the following boxes.]*

~~The parties have agreed to the terms of this order~~ and this information has been furnished by both parties to meet the requirements of OCGA '19-6-15. ~~The parties agree on the terms of the order and affirm the accuracy of the information provided, as shown by their signatures at the end of this addendum.~~

**X** This addendum includes findings of fact and conclusions of law and fact made by the Court, in compliance with OCGA #19-6-15.

**Application of Child Support Guidelines.** The statutory requirements of OCGA #19-6-15 have been applied in reaching the amount of child support provided under the final order in this action. The specifics are as follows:

1. **Gross Income** - The Father's gross monthly income (before taxes) is $2,600.00; the Mother's gross monthly income (before taxes) is zero dollars, $2,010.67.

2. **Children** - The number of children for whom support is being provided under this order is three (3). The names and dates of birth are:

> KAYRA MELISSA GANDARA, y.o.b., 2001
> RENATA MARIEL GANDARA, y.o.b., 2006
> ANALIA VICTORIA GANDARA, y.o.b., 2013
> DORIAN LISANDRO GANDARA, y.o.b., 2016

3. **Attachments** - The *Child Support Worksheet* and *Schedule E* are attached and made a part of this addendum, along with any other applicable schedules.

4. **Child Support Amount** B The Plaintiff shall pay to the Defendant, for the support of the minor children, the sum of two hundred sixty-three dollars ($263.00) per week.

5. **Duration of Child Support**
*[You must check & complete **only one** of the following paragraphs.]*

> X     (a) **Beyond Age 18 for High School** - The child support shall continue monthly thereafter until all children reach the age of eighteen, die, marry, or otherwise become emancipated; if a child becomes eighteen years old while enrolled in and attending secondary school on

a full-time basis, then the child support shall continue for the child until the child has graduated from secondary school or reaches twenty years of age, whichever occurs first.

☐      (b) **Stops at Age 18** - The child support shall continue monthly thereafter until all children reach the age of eighteen, die, marry, or otherwise become emancipated.

☐      (c) **Until Further Order** - This is not a final order, so the child support shall continue until further order of this Court.

☐      (d) **Until Specific Date** - The child support shall continue monthly thereafter until _____, 20_____.

6. **Split Parenting** - A split parenting situation occurs when the parents have two or more children together, where at least one of the children spends more than 50% of the time with one parent, and at least one of the children spends more than 50% of the time with the other parent.

*[You must check & complete **only one** of the following paragraphs.]*

X     (a) **Not Split Parenting Case** - This case does not involve Split Parenting.

(b) **Split Parenting Case** - This is a Split Parenting case. Separate *Child Support Worksheets* have been filed for the children

living with the Mother and for the children living with the Father, and a *Child Support Order Addendum* has been entered in this action for each parent. At this time, the Mother is obligated to pay the sum of $_____ per month to the Father, and the Father is obligated to pay the sum of $_____ per month to the Mother.

*[To complete (b), you must check & complete **only one** of the following sub-paragraphs: (1), (2) or (3).]*

☐    (1) **Net Payment** – For so long as these amounts remain in effect, the _____ shall pay only the difference between the two amounts (which is $ _____ ) to the _____, who shall not be required to pay the child support obligation to the other parent.

☐    (2) **Zero Payment** – The parents' child support obligations are equal. For so long as the amounts remain equal, neither parent shall pay any child support payment to the other parent.

☐    (3) **Full Payment From Each** – Each parent shall pay the full amount of his or her child support obligation to the other.

## 7. **Deviation from Presumptive Amount**

*[You must check & complete **only one** of the following paragraphs: (a) or (b).]*

**X**    (a) No Deviation - It has been determined that none of the Deviations allowed under OCGA #19-6-15 applies in this case, as shown by the attached Schedule E. The amount of support in Paragraph 4 above is the Presumptive Amount of Child Support shown on the attached Child Support Worksheet.

(b) Deviation - It has been determined that one or more of the Deviations allowed under OCGA #19-6-15 applies in this case, as shown by the attached *Schedule E*. The Presumptive Amount of Child Support that would have been required under OCGA #19-6-15 if the Deviations had not been applied is _____ per month, as shown on the attached *Child Support Worksheet*. The attached *Schedule E* explains the reasons for the deviation, how the application of the guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support, and how the best interest of the children who are subject to this child support determination is served by deviation from the presumptive amount of child support.

8. **Health, Dental & Vision Insurance for Children**

*[You must check & complete all parts of **only one** of the following paragraphs, (a) or (b).]*

(a) **Insurance Available** - The following insurance for the children involved in this action is available at a reasonable cost through the Defendant's employer:

> Health (medical, mental health and hospitalization)
> Dental
> Vision.

So long as it remains available to that parent, the Defendant shall pay for said insurance checked above for the benefit of the minor children, until each child reaches the age of eighteen, dies, marries, or otherwise becomes emancipated; except that if a child becomes eighteen years old while enrolled in and attending secondary school on a full-time basis, then the insurance shall be continued for the child until the child has graduated from secondary school or reaches twenty years of age, whichever occurs first.

(1) The parent who maintains the insurance shall provide the other parent with an insurance identification card or such other acceptable proof of insurance coverage and shall cooperate with the other parent in submitting claims under the policy.

(2) All money received by one of the parties for claims processed under the insurance

policy shall be paid within five (5) days after the party receives the money, to the other party (if that other party paid the applicable health care service provider) or to the applicable health care provider (if the provider has not been paid by one of the parties).

**X**    (b) **Insurance Not Available** - Insurance (other than Medicaid) is not available now to either party at a reasonable cost. If health insurance for the children later becomes available to the parent who is required to pay child support for these children, then that parent must obtain the following types of insurance, unless it is then being provided by the other parent:

**x**    Health (medical, mental health and hospitalization)
**x**    Dental
**x**    Vision.

When insurance has been obtained by either party, Paragraphs 7 (a)(1) and (2) shall apply.

9.    **Uninsured Health Care Expenses**    The parties shall be equally responsible for the children's uncovered medical expenses. The Plaintiff shall pay 50% and the Defendant shall pay 50% of all expenses incurred for the children's health care (including medical, dental, mental health, hospital and

vision care) that are not covered by insurance.    The party who incurs a health care expense for one of the children shall provide verification of the amount to the other party. The other party shall reimburse the incurring party (or pay the health care provider directly) for the appropriate percentage of the expense, within fifteen (15) days after receiving the verification of a health care expense.

10.  **Parenting Time Amounts** – The approximate number of days of parenting time per year per the visitation order is 280 days for the Mother and 85 days for the Father.

11. **Social Security Benefits**
*[You must check & complete **only one** of the following paragraphs.]*

      X      (a) **Not Received** – The children do not receive Title II Social Security benefits under the account of the parent ordered to pay child support.

      ☐      (b) **Received** – The children receive Title II Social Security benefits under the account of the parent ordered to pay child support. The benefits received by the children shall be counted as child support payments, and shall be applied against the final child support order to be paid by that parent.

      (1) If the amount of benefits received is less than the amount of support ordered, the obligor shall pay the amount exceeding the Social Security benefit.

(2) If the amount of benefits received is equal to or more than the amount of support ordered, the obligor's responsibility is met and no further support shall be paid.

(3) Any Title II benefits received for the children's benefit shall be retained by the custodial parent or non-parent custodian for the children=s benefit, and it shall not be used as a reason for decreasing the final child support order or reducing arrearages.

## 12. **Modification**
*[You must check & complete **only one** of the following paragraphs.]*

X    (a) **Not Modification Action** - This is an initial determination of child support, not a modification action.

☐    (b) **Support Not Modified** - This action is a modification action, but the order does not modify the amount of child support that was previously ordered for these children. The date of the initial support order concerning this child support case was: _____.

☐    c) **Support Amount Modified** - The order modifies the amount of child support that was previously ordered for these children. The basis for the modification is:

☐　　(1) Substantial change in the income and financial status of the Father;

☐　　(2) Substantial change in the income and financial status of the Mother;

☐　　(3) Substantial change in the needs of the Children;

☐　　(4) The non-custodial parent failed to exercise visitation provided under the prior order;

☐　　(5) The non-custodial parent has exercised more visitation than was provided in the prior order.

The date of the initial support order concerning this child support case was: _____.

**13. Continuing Garnishment for Child Support** - Whenever, in violation of the terms of the order, there shall have been a failure to make the support payments, so that the amount unpaid is equal to or greater than the amount payable for one month, the payments required to be made may also be collected by the process of continuing garnishment for support.

**14. Income Deduction Order**

*[You must check & complete **only one** of the following paragraphs: (a), (b) or (c).]*

(a) An *Income Deduction Order* shall be entered by the Court, under OCGA #19-6-32, for payment of the child support and alimony (if any)

provided. The *Income Deduction Order* shall take effect:

*[To finish (a), you must check either (1) or (2). Do not check both.]*

(1) immediately upon entry by the Court.

(2) upon accrual of a delinquency equal to one month's support. The *Income Deduction Order* may be enforced by serving a Notice of Delinquency, as provided in OCGA #19-6-32 (f).

(b) The parties agree that an *Income Deduction Order* is not immediately necessary.

**X**   (c) The Court finds that there is good cause not to require income deduction, having determined that income deduction will not serve the children's best interests and that there has been sufficient proof of timely payment of any previously ordered support.

## DEBTS AND PROPERTIES

Plaintiff is granted all right, title, and interest to the personality in her possession.   Plaintiff shall be responsible for any indebtedness owing on the same and shall pay said indebtedness as it becomes due and payable.

Plaintiff is granted all right, title, and interest to the home located at and known as 1174 Centennial Parkway,

Whitfield County, Georgia, 30721 and all the household belongs thereto. The Defendant shall be responsible for any indebtedness owing on same, shall pay the same when it becomes payable and due, and shall indemnify and hold the Defendant harmless. Defendant shall immediately execute a Quitclaim Deed transferring the title to Plaintiff.

Plaintiff is granted all right, title, and interest to the 2013 Sentra and 2007 Volvo vehicles and the two motorcycles purchased for the children. Defendant shall ensure the titles for each vehicle is transferred to Plaintiff's name immediately.

Defendant is granted all right, title, and interest in the 1999 Chevrolet Tahoe vehicle and his personal items in his possession.

At the time of the parties' separation there were Wells Fargo savings accounts xxxxxx3088 and xxxxxx9865 containing approximately $32,800.00 dollars. Plaintiff is awarded $16,4000.00 for her one-half interest in said accounts with the same to be transferred to Plaintiff immediately.

Except for debts specifically assigned to a party herein, each party shall be responsible for any debt existing in their name at the time this Order is executed.

Defendant shall immediately execute all documents

Page 13 of 15

necessary to allow the provisions of this Order to be fulfilled.

The parties hereto shall in any case in which a parent changes their address, notify the other parent in writing of such change of address and shall do so thirty days prior to the anticipated change.

The parties hereto shall not attempt, nor will they condone, any attempt directly or indirectly, by artifice or subterfuge whatsoever to estrange the children from one party to another or to injure or impair the mutual love and respect the children have for each parent, and always, the parties shall encourage and foster in their children a sincere respect and affection for both parents and shall not hamper the natural development of the children's love and respect for the other parent.

The children hereto shall not be in the presence of anyone consuming alcohol or illicit drugs.

Defendant is restrained, enjoined, and restricted from coming about, contacting, harassing, or bothering Plaintiff, either directly or indirectly using third parties.

## ORDER

The Court has reviewed the foregoing *FINAL JUDGMENT AND DECREE OF DIVORCE*, and *CHILD SUPPORT ORDER ADDENDUM*, and it is hereby made the order of this Court.

SO ORDERED, this ___2___ day of ___March___ 2017, NUNC PRO TUNC, February 22, 2017.

_____
JIM WILBANKS, Judge
Whitfield County
Superior Court

PREPARED BY:

JERRY W. MONCUS
Attorney for Plaintiff
Georgia Bar No: 515690
207 West King Street
Suite J
Dalton, Georgia 30720
(706) 279-3684
FAX (706) 279-3208

## CERTIFICATE OF SERVICE

I certify that I am over the age of eighteen and by this day, I have filed the foregoing MOTION TO APPROVE TRANSFER OF PROPERTY PURSUANT TO DIVORCE DECREE in this case, together with the NOTICE OF HEARING, using the Bankruptcy Court's Electronic Case Filing program which sends a notice and accompanying link to this document to the following parties who have appeared in this case under the Electronic Case Filing program:

Chapter 13 Trustee

I further certify that I have this day served the document via first class US mail, unless otherwise stated, with adequate postage to:

*All creditors and parties in interest on the attached mailing matrix*

Dated: February 5, 2019

_____/s/_____

PO Box 1304                                   David W. Johnson
Dalton, GA 30722-1304                         GA Bar 940310
706.226.5425                                  david@hurttlaw.com

```
Label Matrix for local noticing        Allied Interstate LLC              (p)BB AND T
113E-4                                  PO Box 361445                     PO BOX 1847
Case 18-42784-bem                       Columbus, OH  43236-1445          WILSON NC 27894-1847
Northern District of Georgia
Rome
Mon Feb  4 09:58:50 EST 2019

Capital One, N.A.                       Citibank, N.A.                    Comenity Bank
c/o Becket and Lee LLP                  Attn: Bankruptcy Dept.            Bankruptcy Department
PO Box 3001                             PO Box 6000                       PO Box 182125
Malvern PA 19355-0701                   Sioux Falls, SD  57117-6000       Columbus, OH  43218-2125


Curtis Kleem                            DSNB/Macy's                       Erik Gandara Torres
PO Box 6522                             PO Box 8218                       906 Rockdale Dr
Dalton, GA  30722-6522                  Mason, OH  45040-8218             Dalton, GA 30720-5149



(p)GEORGIA DEPARTMENT OF REVENUE        Michael D. Hurtt                  Internal Revenue Service
COMPLIANCE DIVISION                     Hurtt & Johnson, LLC              PO Box 7346
ARCS BANKRUPTCY                         P O Box 1304                      Philadelphia, PA  19101-7346
1800 CENTURY BLVD NE SUITE 9100         Dalton, GA 30722-1304
ATLANTA GA 30345-3202


Kohl's Department Store                 Millaray Garcia                  (p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO Box 3115                             1174 Centennial Pkwy             PO BOX 41067
Milwaukee, WI  53201-3115               Dalton, GA  30721-9340           NORFOLK VA 23541-1067



Quantum3 Group LLC as agent for Comenity Ban   Southern Auto Sales       Synchrony Bank
PO Box 788                              2201 E Morris St                 Attn: Bankruptcy Dept.
Kirkland, WA 98083-0788                 Dalton, GA  30721-4299           PO Box 965061
                                                                         Orlando, FL  32896-5061



Mary Ida Townson                        United States Attorney           Wells Fargo Bank, N.A.
Chapter 13 Trustee                      Northern District of Georgia     Wells Fargo Card Services
Suite 2200                              75 Ted Turner Drive SW, Suite 600 PO Box 10438, MAC F8235-02F
191 Peachtree Street, NE                Atlanta GA 30303-3309            Des Moines, IA 50306-0438
Atlanta, GA 30303-1770


Wells Fargo Card Service
PO Box 14517
Des Moines, IA  50306-3517
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
BB&T                                    (d)BB&T                           Georgia Department of Revenue
223 Nash St W                           PO Box 1847                       Arcs Bankruptcy
Wilson, NC  27893-3801                  Wilson, NC  27894                 1800 Century Blvd NE Ste 9100
                                                                         Atlanta, GA  30345-3202
```

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

End of Label Matrix
Mailable recipients    21
Bypassed recipients     0
Total                  21